UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-23728-CIV-WILLIAMS/MCALILEY

CARLA MCCRAY,

    Plaintiff,

v.

MIAMI DADE COUNTY PUBLIC SCHOOLS
and UNITED TEACHERS OF DADE,

    Defendants.
_____/

**OMNIBUS ORDER AND**
**REPORT AND RECOMMENDATION OF DISMISSAL**

Pending before the Court are the following three motions: (1) Defendant Miami-Dade County Public Schools' ("School Board") Motion to Dismiss Plaintiff's Amended Complaint, (ECF No. 29), (2) Defendant United Teachers of Dade's ("UTD") Motion to Dismiss Plaintiff's Amended Complaint and Motion to Strike, (ECF No. 28), and (3) Plaintiff Carla McCray's Motion for Leave to File a Second Amended Complaint, (ECF No. 30). The motions are fully briefed. (ECF Nos. 31, 32, 33, 34, 35, 38, 39, 40). The Honorable Kathleen M. Williams referred the Motions to Dismiss to me for a report and recommendation, (ECF No. 45), and she referred the Motion for Leave to File a Second Amended Complaint to me for disposition. (ECF No. 5).

For the reasons that follow, the Court grants Plaintiff's Motion for Leave to File a Second Amended Complaint, (ECF No. 30), and deems the proposed Second Amended Complaint, (ECF No. 30-1), which is attached to the Motion for Leave, as filed. The

1

Motions to Dismiss, (ECF Nos. 28, 29), are therefore moot,[1] and the Second Amended Complaint is now the operative pleading. I have carefully reviewed the Second Amended Complaint and, as explained below, I recommend that the Court dismiss this action.

I.   **Background**

Plaintiff, proceeding *pro se*, filed this action against Defendants in October 2021. The allegations in each of her three complaints are grounded on similar facts. *See generally* (ECF Nos. 1, 27, 30-1). She alleges, in sum, that she worked for Defendant School Board as a school security monitor from April 1998 until December 2018, when School Board wrongfully terminated her. She alleges that she complained of "issues like cyber-stalking; cyber-bullying; and other perceptions that seemed criminal and/or, alarming", (ECF No. 30-1 ¶ 9), which lead to Defendants' belief that she had a mental impairment. (*Id.* ¶ 12). She further alleges that in response to her complaints, School Board initiated administrative disciplinary proceedings, which resulted in her termination. (*Id.* ¶¶ 16, 19). At the time of her employment, Plaintiff was a member of Defendant UTD, a labor organization that represents its members' interests in their relationships with School Board. (*Id.* ¶ 2). Plaintiff alleges that UTD breached its contractual obligation to appear and represent her at the disciplinary proceedings with School Board, and to provide her timely notice of such hearings. (*Id.* ¶¶ 25-26).

---

[1] The Court also denies as moot Plaintiffs' Motions for Leave to File Sur-Responses (ECF Nos. 36, 37), Notices for Entry of Default re Motions for Leave to File Sur-Responses (ECF Nos. 41, 42), and Motions for Entry of Stipulated Facts and Admissions (ECF Nos. 43, 44).

In her initial Complaint, Plaintiff alleged several claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et seq.*; Health Insurance Portability and Accountability Act ("HIPAA"), 29 U.S.C. § 1181, *et seq.*; and Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.* (ECF No. 1); (Order, ECF No. 21 at 3). Specifically, she asserted claims against both Defendants for race discrimination, sex discrimination, age discrimination, disability discrimination, genetic information discrimination, retaliation, HIPAA violations and FMLA interference. (Order, ECF No. 21 at 9).

Defendants filed motions to dismiss the initial Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Judge Williams granted those motions. (ECF No. 21). In her Order, Judge Williams found the Complaint was a shotgun pleading, and instructed Plaintiff that if she files an amended complaint, "she must state which causes of action are asserted against each Defendant" and she "must set forth which facts support each cause of action." (*Id.* at 6). Judge Williams dismissed the Title VII, ADA and ADEA claims *with prejudice* because Plaintiff did not timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") before she filed this action, as is required. (*Id.* at 7-10).[2] Judge Williams also dismissed Plaintiff's HIPAA claim *with*

---

[2] In Florida, a plaintiff must file a charge of discrimination within 300 days of the last discriminatory act. *See* (Order, ECF No. 21 at 7) (citing caselaw). Plaintiff alleges that Defendants' last discriminatory act occurred on December 18, 2018. The Charge of Discrimination that Plaintiff filed with the EEOC, *see* (ECF No. 1-2), shows that she filed it well beyond the 300-day limit.

3

*prejudice* because "no private right of action exists under HIPAA." (*Id.* at 8) (quoting *Laster v. CareConnect Health Inc.*, 852 F. App'x 476, 478 (11th Cir. 2021)). Regarding Plaintiff's FMLA claim, Judge Williams dismissed it *without prejudice* and stated: "Although the Court evaluates the Complaint on a less stringent standard given Plaintiff's *pro se* status, Plaintiff has asserted neither of [the elements of a FMLA claim] in the Complaint. However, the Court grants Plaintiff *one opportunity to amend her FMLA interference claim against Defendant School Board*." (*Id.* at 8-9) (emphasis added). In other words, Judge Williams authorized Plaintiff to file an amended complaint *limited to* a single, revised FMLA claim against School Board only.

Plaintiff thereafter filed an Amended Complaint that includes claims well beyond the single claim the Court authorized. (ECF No. 27). It is 36 pages long and has 258 paragraphs. In it, Plaintiff asserts *six* counts against *both* Defendants: (1) retaliatory termination in violation of the FMLA, (2) two counts for violation of the ADA, (3) "violation of the First Amendment as applied to the states under the Fourteenth Amendment against all Defendants [under] 42 U.S.C. § 1983", (4) violation of HIPAA, and (5) violation of School Board's Employee Assistance Program. (*Id.* at 30-36).

In their Motions to Dismiss Plaintiff's Amended Complaint, (ECF Nos. 28, 29), Defendants understandably argue that all claims, except for the FMLA claim against School Board, should be dismissed or stricken because they are in violation of Judge Williams' Order. They also argue that the Amended Complaint is a shotgun pleading, that the discrimination claims are time-barred, that no valid legal claim exists for "violation of the Employee Assistance Program", and that Plaintiff's FMLA and § 1983 claims do not

4

state plausible claims for relief. School Board, in addition, argues that Plaintiff cannot bring claims for wrongful termination because she failed to exhaust the administrative remedies available to her under the collective bargaining agreement between School Board and UTD. For these many reasons, Defendants argue that the Court should dismiss the Amended Complaint with prejudice.

In response, Plaintiff asks that the Court allow her to revise the Amended Complaint so that "the parties [will] get the needed clarification and cures to bring it all duly and properly before the Court." (ECF No. 31 ¶ 2). Plaintiff simultaneously filed the Motion for Leave to File a Second Amended Complaint, (ECF No. 30), which states: "In considering the arguments and points raised by the Defendants in their respective Motions, [Plaintiff] would like to clarify the allegations and frame the Complaint in a more efficient manner to aid the Court and the parties in the disposition of this action." (*Id.* ¶ 1).

Plaintiff's Second Amended Complaint (ECF No. 30-1) is 10 pages long and has 36 paragraphs. It drops her § 1983, HIPAA and the Employee Assistance Program claims, and asserts three claims in total: (1) FMLA interference against School Board, (2) ADA violation against School Board, and (3) breach of fiduciary duty against UTD.

Defendants object to Plaintiff's Motion for Leave to File a Second Amended Complaint. (ECF Nos. 35, 38). In their memoranda in response to that Motion, Defendants make similar arguments to those in their Motions to Dismiss. That is, they argue that the ADA and breach of fiduciary duty claims are outside the scope of Judge Williams' Order, that the ADA claim is time-barred, and that Plaintiff cannot state claims for violation of the FMLA or breach of fiduciary duty.

I turn to those Motions.

## II.     Analysis

### A. Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court has "great discretion" in deciding whether to allow amendment. *Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1314 (11th Cir. 2002) (citation omitted). When deciding how to exercise that discretion, "a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." *Scopellitti v. City of Tampa*, 677 F. App'x 503, 509 (11th Cir. 2017) (citation omitted).

Plaintiff asserts that she seeks to file a second amended complaint to address the arguments raised in Defendants' Motions to Dismiss, and to "clarify" her allegations. (ECF No. 31 ¶ 1). "Where a more carefully drafted complaint might state a claim," a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (*en banc*) (the rule in *Bank* does not apply to counseled plaintiffs). The Court is also mindful that leave to amend "should be granted liberally", *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 (11th Cir. 1984), and as a *pro se* litigant, the Court gives Plaintiff the benefit of the doubt.

For the foregoing reasons, I grant Plaintiff's Motion for Leave to File a Second Amended Complaint, (ECF No. 30). The Second Amended Complaint ("SAC"), (ECF No. 30-1), is now the operative complaint. After careful review, as explained below, I conclude that Plaintiff cannot state a claim for the three causes of action she asserts in the SAC.

### B. Failure to State a Claim

Rule 8(a) of the Federal Rules of Civil Procedure requires that to state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought ...." Fed. R. Civ. P. 8(a)(1), (2), (3). To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the plaintiff must plead facts that make out a claim that is plausible on its face and raises the right to relief beyond a speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Conclusory allegations are insufficient. *Twombly*, 550 U.S. at 555. When evaluating a motion to dismiss, the court must draw "all reasonable inferences" in favor of the plaintiff, *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002), and must limit its consideration to the four corners of the complaint and any attached exhibits. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).

I note that Plaintiff is not represented by counsel, and I therefore construe her pleadings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). This leniency, however, "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citation omitted). I examine each of Plaintiff's claims in turn.

1. ADA

First, Judge Williams previously dismissed Plaintiff's ADA claim with prejudice because it is time-barred. (ECF No. 21). A dismissal with prejudice "finally disposes of a party's claim and bars *any* future action on that claim." *Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, Nos. 17-CV-80495, 17-CV80496, 2020 WL 1969375, at *2 (S.D. Fla. Apr. 22, 2020) (quotation marks and citation omitted). As Judge Williams explained in her Order, Plaintiff must first timely file a charge of discrimination with the EEOC before she can assert a claim under the ADA. Plaintiff did not – and cannot – comply with this requirement because the deadline to file a charge of discrimination has long passed. *See supra*, n.2. Notably, in her Motion for Leave to File a Second Amended Complaint, Plaintiff does not dispute that her ADA claim is time-barred. For these reasons, Plaintiff cannot state a claim under the ADA.

2. FMLA

To state a claim for FMLA interference, Plaintiff must plead facts that show: "(1) [Plaintiff] was entitled to a benefit under the FMLA, and (2) [School Board] denied

her that benefit." *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 681 (11th Cir. 2018) (quoting *White v Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015)). To satisfy the first element, Plaintiff must plead facts that show she suffers from a "serious health condition" that makes her "unable to perform the functions of her position." *Id.* (quoting *White*, 789 F.3d at 1194). Plaintiff must also plead facts that show she gave her employer "appropriate notice" of her need for FMLA leave. *Id.* (citations omitted).

The SAC is Plaintiff's third attempt to plead a claim for FMLA interference. Although the allegations are disjointed and difficult to follow, the basis of her claim is that she reported concerns of "cyber-stalking; cyber-bullying, and other perceptions that seemed criminal and/or, alarming," (ECF No. 30-1 ¶ 9), which triggered School Board's concerns that she had a mental health impairment and, on this basis, School Board unlawfully terminated her employment. Plaintiff's claim is fundamentally flawed.

As a threshold matter, Plaintiff does not allege what benefit she was entitled to under the FMLA. There are no allegations that Plaintiff requested or took FMLA leave, or that she sought and was denied some other benefit available under that statute.

Further, although Plaintiff alleges that she suffered from an unspecified "mental impairment" or "mental disability", (*id.* ¶¶ 15, 19), she pleads no facts that show this alleged condition is a "serious health condition" as the FMLA defines that term. The FMLA defines the term "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves—(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) "continuing treatment by a health care provider." 29 U.S.C. § 2611(11). Continuing treatment by a health care provider is "[a] period of incapacity of

more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition." 29 C.F.R. § 825.115(a) (also requiring actual treatment by a health care provider). The term "incapacity" means the "inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom." *Id.* § 825.113(b).

Plaintiff does not allege facts that show her alleged mental condition required either inpatient care or continuing treatment by a health care provider. Indeed, Plaintiff does not even identify her alleged mental impairment, or allege that she received treatment for her condition. Plaintiff's claim is also deficient because she pleads no facts that show she gave her employer any notice, much less "appropriate notice", that she needed FMLA leave due to her mental condition, as is required to state a claim for relief.

In short, Plaintiff's allegations do not meet the elements for a FMLA interference claim. I thus recommend that the Court dismiss this claim with prejudice.

### 3. Breach of Fiduciary Duty

At the outset, I note that Plaintiff's claim for breach of fiduciary duty exceeds the scope of Judge Williams' Order, which allowed Plaintiff to amend only her original FMLA interference claim against School Board. (ECF No. 21 at 9). However, the Court prefers to resolve this case on the merits, and I have considered whether Plaintiff has stated a claim for relief.

To state a claim for breach of fiduciary duty under Florida law,[3] Plaintiff must plead facts that show (1) the existence of a fiduciary duty, (2) that UTD breached that duty, and (3) that UTD's breach of that duty proximately caused Plaintiff's damages. *Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1223 (S.D. Fla. 2015) (citations omitted). Importantly, "facts supporting a claim of fiduciary duty must be pled with particularity." *Id.* (quoting *Sussman v. Weintraub*, No. 06-20408-CIV, 2007 WL 908280, at *4 (S.D. Fla. Mar. 22, 2007)).

Plaintiff pleads no facts that support the elements of this claim. Rather, she asserts that UTD breached its contractual obligation, that arises from the collective bargaining agreement, to provide her representation at administrative proceedings and to provide her sufficient notice of those proceedings. (ECF No. 30-1 ¶¶ 25-26). These facts do not demonstrate that UTD owed Plaintiff a fiduciary duty. Nor are there any facts alleged that show how UTD's breach of its purported fiduciary duty proximately caused Plaintiff damages. Given the absence of supporting facts, much less supporting facts that are alleged with particularity, Plaintiff does not state a claim for breach of fiduciary duty.

Even if Plaintiff could assert such a claim, and assuming this Court accepts my recommendation to dismiss all other counts of the SAC with prejudice, the Court should still dismiss Plaintiff's breach of fiduciary duty claim. The Eleventh Circuit instructs that

---

[3] Plaintiff cites caselaw that provides the elements of this claim under Florida common law, *see* (ECF No. 30-1 ¶ 23), and the Court analyzes that claim here. She makes no mention of the federal statute, 29 U.S.C. § 501, that governs fiduciary responsibilities of officers of labor organizations. Notably, subsection (a) of § 501 provides the fiduciary duties required of those officers, and it is clear that none are relevant here.

11

"[w]hen all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well."[4] *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."). The decision whether to decline supplemental jurisdiction is within the sound discretion of the trial court. *See Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1328 (11th Cir. 2010). When a court declines to exercise supplemental jurisdiction, it should usually dismiss the state law claim without prejudice so that the plaintiff may seek relief in state court. *Vibe Micro, Inc.*, 878 F.3d at 1296. For these reasons, I recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's claim for breach of fiduciary duty, and dismiss that claim without prejudice.

### III.  Conclusion

In sum, Plaintiff had "one opportunity to amend her FMLA interference claim against Defendant School Board." (ECF No. 21 at 9). Plaintiff did not abide by this allowance. Nonetheless, this Court gave Plaintiff the benefit of the doubt and allowed her another opportunity to amend her Complaint. That third Complaint still fails to plead a

---

[4] Plaintiff does not allege any facts that show the Court has diversity jurisdiction, and Plaintiff's claim for breach of fiduciary duty does not arise under federal law.

claim under the ADA and FMLA, and those failings cannot be cured by amendment. It also fails to plead a state law claim for breach of fiduciary duty.

For the reasons stated herein, I **GRANT** Plaintiff's Motion for Leave to File a Second Amended Complaint, (ECF No. 30), and **DIRECT** the Clerk to separately docket the Second Amended Complaint, (ECF No. 30-1). I also **RECOMMEND** that the Court **DENY AS MOOT** School Board's Motion to Dismiss Plaintiff's Amended Complaint, (ECF No. 29), and UTD's Motion to Dismiss Plaintiff's Amended Complaint and Motion to Strike, (ECF No. 28).

I further **RECOMMEND** that the Court: (i) **DISMISS WITH PREJUDICE** Count I (FMLA) and Count II (ADA) of Plaintiff's Second Amended Complaint, (ii) decline to exercise supplemental jurisdiction over Count III (breach of fiduciary duty), and (iii) **DISMISS** Count III **WITHOUT PREJUDICE** to be refiled in state court to the extent permitted by law.[5]

### IV. Objections

**No later than fourteen (14) days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed

---

[5] In light of my findings here, I deny Plaintiff's Motion for Appointed Lawyer. (ECF No. 26).

on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in Miami, Florida, this 20th day of January 2023.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Kathleen M. Williams
      Counsel of record
      Carla McCray, *pro se*