UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-23728-CV-WILLIAMS

CARLA MCCRAY,

    Plaintiff,

v.

MIAMI DADE COUNTY PUBLIC
SCHOOLS, *et al.*,

    Defendants.

_____/

## OMNIBUS ORDER

**THIS MATTER** is before the Court on Plaintiff Carla McCray's ("***Plaintiff***") Motion for Reconsideration (DE 23) and Magistrate Judge Chris M. McAliley's Omnibus Order and Report and Recommendation of Dismissal ("***Report***") (DE 46). Plaintiff filed this action on October 21, 2021. (DE 1.) Defendants filed Motions to Dismiss the Complaint (DE 8; DE 15), which the Court granted with leave to amend (DE 21). On June 23, 2022, Plaintiff filed her Motion for Reconsideration, asking the Court to reconsider its Order granting Defendants' Motions to Dismiss, which is currently before the Court. (DE 23.)

On July 11, 2022, Plaintiff filed her First Amended Complaint. (DE 27.) Defendants filed Motions to Dismiss the First Amended Complaint. (DE 28; DE 29.) Thereafter, Plaintiff filed a Motion for Leave to File a Second Amended Complaint (DE 30) and attached to that motion her Second Amended Complaint (DE 30-1). The Court referred Defendants' Motions to Dismiss (DE 28; DE 29) to Judge McAliley for a Report and

Recommendation.[1] (DE 45.) On January 20, 2023, Judge McAliley issued the Report currently before the Court. (DE 46.)

### A. Motion for Reconsideration

In the Motion for Reconsideration, Plaintiff asks the Court to reconsider its Order Granting Defendants' Motions to Dismiss ("*Order*"), arguing that her claim under the Florida Civil Rights Act ("*FCRA*") is not time-barred. (DE 23.) However, the Court's Order did not address Plaintiff's FCRA claim.[2] (*See* DE 21.)

Accordingly, the Motion for Reconsideration is improper. Additionally, after Plaintiff filed her Motion for Reconsideration, Plaintiff filed a First and Second Amended Complaint. Plaintiff failed to raise her FCRA claim in either the First or Second Amended Complaints. Accordingly, Plaintiff's FCRA claim is not before the Court and Plaintiff's Motion for Reconsideration is denied as moot.[3]

---

[1] Additionally, pursuant to the Court's Order of Referral and Notice of Court Practice and Procedures, all non-dispositive pretrial motions were referred to Judge McAliley. (DE 5.)

[2] In her Complaint, Plaintiff purported to initiate a variety of claims, including for age, racial, and sexual discrimination, retaliation, wrongful termination, and violations of her rights under the U.S. Constitution and various statutes. (DE 1 at 4.) Based on the listed causes of action and the Charge attached to the Complaint, the Court construed Plaintiff's claims to be raised under Title VII of the Civil Rights Act of 1964; Age Discrimination in Employment Act; Americans with Disabilities Act; Health Insurance Portability and Accountability Act; and Family Medical Leave Act of 1993. (DE 21 at 3.) Defendants did not raise in their Motions to Dismiss (DE 8; DE 15) and, therefore, the Court did not address in its Order (DE 21), any claim under the Florida Civil Rights Act. *Cf. Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

[3] To the extent that Plaintiff has a cognizable FCRA claim, that claim should be pursued in state court.

**B. Report**

In the Report, Judge McAliley granted Plaintiff's Motion for Leave to File a Second Amended Complaint (DE 30) and recommends that the Court deny as moot Defendants' Motions to Dismiss (DE 28; DE 29) in light of the Second Amended Complaint (DE 49).[4] (DE 46 at 13.) Further, in the Report, Judge McAliley recommends that the Court dismiss Plaintiff's Second Amended Complaint. (DE 46 at 13.) Plaintiff filed objections to the Report. (DE 48.)

Upon review of the Motion for Reconsideration, the Report,[5] the record, and applicable case law, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Reconsideration (DE 23) is **DENIED AS MOOT**.
2. The Report (DE 46) is **AFFIRMED AND ADOPTED IN PART**.
3. Defendants' Motions to Dismiss (DE 28; DE 29) are **DENIED AS MOOT**.
4. Pursuant to the Report, Plaintiff's Second Amended Complaint (DE 49) is the operative Complaint in this matter. **No further amendments will be permitted**.
    a. Defendants shall file a response to Plaintiff's Second Amended Complaint on or before **March 13, 2023**.[6]

---

[4] Judge McAliley directed the Clerk to separately docket the Second Amended Complaint. On February 23, 2023, the Clerk of Court docketed the Second Amended Complaint. (DE 49.)

[5] In light of Plaintiff's Objections (DE 48), the Court reviewed the Report *de novo*. See *Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

[6] Upon review of the Defendants' original Motions to Dismiss, and in the interest of judicial economy, Defendants shall file any responsive motions to the Second Amended Complaint **jointly**. If conflicts of position exist, Defendants must timely file a motion for leave to file separate responsive motions, in which they must describe what those

      b. Should Defendants file a motion to dismiss the Second Amended Complaint, Plaintiff must file any reply on or before **April 3, 2023**. The reply must be **RECEIVED** by the Court and filed to the docket by that day, so Plaintiff is advised that she must plan accordingly if she intends to mail her reply.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 27th day of February, 2023.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

conflicts are. Moreover, if and when necessary, Defendants may file separate answers to the Complaint.